1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   WILLIAM HOPSON, and CYNTHIA        NO. CIV 2:13-1568 WBS DAD
     HOPSON,

13
               Plaintiffs,

14                                      ORDER TO SHOW CAUSE
          v.

15
     ERNIE'S GENERAL STORE, INC.;

16   ERNEST GIANNECCHINI TRUST; and
     Does 1-5,

17
               Defendants.

18

19

20                        ----oo0oo----

21           The court has an obligation to recuse itself from any

22   case in which the judge might have a "financial interest,"

23   however small.  28 U.S.C. § 455(b)(4).  Because corporate parties

24   are in the best position to identify their parent and subsidiary

25   corporations, Federal Rule of Civil Procedure 7.1 and this court

26   require all non-governmental corporate entities to submit

27   corporate disclosure statements in order to assist the court in

28   carrying out its recusal obligation.  In its Order Setting Status

                                  1

1   (Pretrial Scheduling) Conference issued on July 31, 2013, the

2   court unequivocally instructed all non-governmental corporate

3   parties to include corporate disclosures in the parties' Joint

4   Status Report:

5           Pursuant to Local Rule 240, the parties shall
            submit to the court a <u>JOINT</u> Status Report
6           fourteen (14) calendar days prior to the
            hearing date, which shall contain: . . . (m)
7           a statement by any nongovernmental corporate
            party identifying all of its parent and
8           subsidiary corporations and listing any
            publicly held company that owns 10% or more
9           of the party's stock.  If any nongovernmental
            corporate party has no parent or subsidiary
10          corporations or no publicly held companies
            owning 10% or more of its stock, it shall so
11          state in the Joint Status Report.
            Thereafter, if there is any change in the
12          information, the party shall file and serve a
            supplemental statement within a reasonable
13          time after such change occurs.

14  (Docket No. 4.)

15          In so instructing, the court emphasized the importance

16  of corporate disclosures and warned that failure to comply with

17  the court's Order could warrant sanctions:

18          The purpose of the corporate disclosure
            requirement in subpart (m) of this Order is
19          to assist the court in carrying out this
            obligation, because corporate parties are in
20          the best position to identify their parent
            and subsidiary corporations.  Without this
21          information, the court risks retaining a case
            in which it unknowingly has a financial
22          interest.  As a consequence, not only would
            the undersigned judge face public criticism,
23          the public's confidence in an impartial
            judiciary would be eroded.  Failure to assist
24          the court in protecting these and the other
            interests advanced by § 455(b)(4)--especially
25          in the face of a clear and direct request
            from the court--amounts to sanctionable
26          conduct.

27  (<u>Id.</u>; <u>see also</u> <u>id.</u> **("Failure to comply with the requirements of**

28  **this subpart will result in . . . <u>sanctions being ordered against</u>**

1  **any nongovernmental corporate party that did not submit its**

2  **corporate disclosures**.") (emphasis in original).)

3         The Court also clarified that, unless the parties have

4  received a Status (Pretrial Scheduling) Order prior to the status

5  conference, "the parties are required to attend the status

6  conference as scheduled." (Id.)  The court warned that a failure

7  to appear at the appropriate time will be treated as a failure to

8  appear and may subject counsel to sanctions. (Id.)

9         Not only has defendant Ernie's General Store, Inc.

10  ("Ernie's"), failed to file any corporate disclosures, defendants

11  failed to coordinate with plaintiffs to file a Joint Status

12  Report at all.  According to a declaration filed by plaintiffs'

13  counsel, (Docket No. 11-1), defendants have regularly switched

14  attorneys and defendants' current counsel of record, Michael

15  Babitzke, has not communicated with plaintiffs since October 29,

16  2013.  Plaintiffs filed a status conference statement without

17  defendants, and the court did not issue a Status (Pretrial

18  Scheduling) Order prior to the status conference.

19         The court then held the status conference as scheduled

20  on November 25, 2013.  Without explanation or warning, defendants

21  and their counsel both failed to appear.

22         IT IS THEREFORE ORDERED that, within ten days of the

23  date of this Order, defendant Ernie's shall submit its corporate

24  disclosures and either (1) pay sanctions in the amount of $150.00

25  to the Clerk of the Court; or (2) submit a statement of good

26  cause explaining its failure to comply with the court's July 31,

27  2013 Order.

28         IT IS FURTHER ORDERED that within ten days of the date

                                      3

of this Order, defense counsel Michael Babitzke shall either (1)
pay sanctions in the amount of $150.00 to the Clerk of the Court;
or (2) submit a statement of good cause explaining counsel's
failure to appear at the November 25, 2013 status conference.

Dated:  November 26, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4