UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM HOPSON, and CYNTHIA HOPSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>ERNIE'S GENERAL STORE, INC.; ERNEST GIANNECCHINI TRUST; and Does 1-5,<br><br>    Defendants. | NO. CIV 2:13-1568 WBS DAD<br><br>ORDER TO SHOW CAUSE |

----oo0oo----

The court has an obligation to recuse itself from any case in which the judge might have a "financial interest," however small. 28 U.S.C. § 455(b)(4). Because corporate parties are in the best position to identify their parent and subsidiary corporations, Federal Rule of Civil Procedure 7.1 and this court require all non-governmental corporate entities to submit corporate disclosure statements in order to assist the court in carrying out its recusal obligation. In its Order Setting Status

1

(Pretrial Scheduling) Conference issued on July 31, 2013, the court unequivocally instructed all non-governmental corporate parties to include corporate disclosures in the parties' Joint Status Report:

> Pursuant to Local Rule 240, the parties shall submit to the court a JOINT Status Report fourteen (14) calendar days prior to the hearing date, which shall contain: . . . (m) a statement by any nongovernmental corporate party identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock.  If any nongovernmental corporate party has no parent or subsidiary corporations or no publicly held companies owning 10% or more of its stock, it shall so state in the Joint Status Report. Thereafter, if there is any change in the information, the party shall file and serve a supplemental statement within a reasonable time after such change occurs.

(Docket No. 4.)

In so instructing, the court emphasized the importance of corporate disclosures and warned that failure to comply with the court's Order could warrant sanctions:

> The purpose of the corporate disclosure requirement in subpart (m) of this Order is to assist the court in carrying out this obligation, because corporate parties are in the best position to identify their parent and subsidiary corporations.  Without this information, the court risks retaining a case in which it unknowingly has a financial interest.  As a consequence, not only would the undersigned judge face public criticism, the public's confidence in an impartial judiciary would be eroded.  Failure to assist the court in protecting these and the other interests advanced by § 455(b)(4)--especially in the face of a clear and direct request from the court--amounts to sanctionable conduct.

(Id.; see also id. ("**Failure to comply with the requirements of this subpart will result in . . . sanctions being ordered against**

2

**any nongovernmental corporate party that did not submit its corporate disclosures**.") (emphasis in original).)

The Court also clarified that, unless the parties have received a Status (Pretrial Scheduling) Order prior to the status conference, "the parties are required to attend the status conference as scheduled." (Id.) The court warned that a failure to appear at the appropriate time will be treated as a failure to appear and may subject counsel to sanctions. (Id.)

Not only has defendant Ernie's General Store, Inc. ("Ernie's"), failed to file any corporate disclosures, defendants failed to coordinate with plaintiffs to file a Joint Status Report at all. According to a declaration filed by plaintiffs' counsel, (Docket No. 11-1), defendants have regularly switched attorneys and defendants' current counsel of record, Michael Babitzke, has not communicated with plaintiffs since October 29, 2013. Plaintiffs filed a status conference statement without defendants, and the court did not issue a Status (Pretrial Scheduling) Order prior to the status conference.

The court then held the status conference as scheduled on November 25, 2013. Without explanation or warning, defendants and their counsel both failed to appear.

IT IS THEREFORE ORDERED that, within ten days of the date of this Order, defendant Ernie's shall submit its corporate disclosures and either (1) pay sanctions in the amount of $150.00 to the Clerk of the Court; or (2) submit a statement of good cause explaining its failure to comply with the court's July 31, 2013 Order.

IT IS FURTHER ORDERED that within ten days of the date

3

of this Order, defense counsel Michael Babitzke shall either (1) pay sanctions in the amount of $150.00 to the Clerk of the Court; or (2) submit a statement of good cause explaining counsel's failure to appear at the November 25, 2013 status conference.

Dated:  November 26, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE