UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM HOPSON and CYNTHIA HOPSON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ERNIE'S GENERAL STORE, INC.; ERNEST GIANNECCHINI TRUST; and Does 1-5,<br><br>　　　　Defendants. | NO. CIV 2:13-1568 WBS DAD<br><br><br>ORDER RE: SANCTIONS |

----oo0oo----

In response to this court's Order to Show Cause of November 27, 2013, (Docket No. 13), counsel for defendants Michael Babitzke submitted a letter explaining his failure to attend the Status (Pretrial Scheduling) Conference. (Docket No. 15.) In the letter, Babitzke took "full responsibility" for the failure, and noted that he "simply failed to notice and calendar the pretrial scheduling conference." (Id.)

　　　　The court has the authority under Federal Rule of Civil

1

1  Procedure 16(f) to impose sanctions for even unintentional or
2  negligent noncompliance with the court's pretrial orders.  See,
3  e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275
4  F.3d 762, 769 (9th Cir. 2001) (upholding Rule 16 sanctions
5  imposed on a party for unintentionally failing to attend a
6  scheduled mediation due to an incapacitating headache); Ayers v.
7  City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding
8  sanctions under Rule 16(f) where counsel failed to appear for a
9  settlement conference because the date "slipped by him").  Rule
10 16(f) also allows a court to order a party, its attorney, or both
11 to pay reasonable expenses incurred because of noncompliance with
12 the rule.  Fed. R. Civ. P. 16(f)(2); see also, e.g., Official
13 Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1397 (9th Cir. 1993)
14 (upholding award of fees incurred because of party's failure to
15 comply with court's order.)

16         Mr. Babitzke's failure to participate in the filing of
17 a joint status report and subsequent failure to appear at the
18 Status (Pretrial Scheduling) Conference violated the terms of the
19 court's July 31, 2013, Order re: Status (Pretrial Scheduling)
20 Conference.  (Docket No. 4.)  Because Mr. Babitzke's failure
21 consumed the time of opposing counsel as well as the court, the
22 court will order Mr. Babitzke to compensate opposing counsel a
23 reasonable sum for his time.  Accordingly, Mr. Babitzke will be
24 required send payment of $100 to counsel for plaintiffs, Daniel
25 Malakauskas.  If Mr. Malakauskas wishes to waive receipt of the
26 payment, the court will not further enforce this Order.  Under
27 the circumstances, the court will not require Mr. Babitzke to pay
28 additional sanctions to the court.

1    IT IS THEREFORE ORDERED that within ten days of the
2 date this Order is signed, defendants' counsel Michael Babitzke
3 shall send payment in the amount of $100 to plaintiffs' counsel
4 Daniel Malakauskas or request that the matter be scheduled for a
5 formal hearing.
6 Dated:  December 19, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE