UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLAIM HOPSON, and CYNTHIA HOPSON,<br><br>     Plaintiffs,<br><br>     v.<br><br>ERNIE'S GENERAL STORE, INC., ERNEST GIANNECCHINI TRUST, VAN DE POL ENTERPRISES INC., and DOES 1-5, inclusive,<br><br>     Defendants. | CIV. NO. 2:13-1568 WBS DAD<br><br>FINAL PRETRIAL ORDER |

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 282, on September 29, 2014. Russell Humphrey appeared as counsel for plaintiffs; Michael Babitzke appeared as counsel for defendants.  Following the conference, the court enters this Final Pretrial Order:

I.  Jurisdiction - Venue

Jurisdiction is predicated upon 28 U.S.C. § 1331

1

because plaintiffs' Complaint asserts claims under the public accommodations provisions of the Americans with Disabilities Act, 42 U.S.C. § 12182.  Venue is undisputed and is hereby found to be proper.

II. Jury – Non-Jury

Defendant has demanded a jury trial.  Accordingly, the action shall be tried, pursuant to Federal Rule of Civil Procedure 48, before a jury consisting of no less than six and no more than twelve members.

III. Jury Instructions and Proposed Form of Verdict

No later than ten court days before the trial date, counsel for plaintiffs shall lodge and serve, pursuant to Local Rule 163, copies of all jury instructions that plaintiffs request be given on plaintiffs' claims.  At that time, counsel for plaintiffs shall also file and serve a copy of a proposed form of verdict.

No later than seven court days before the trial date, counsel for defendants shall file and serve any objections to the instructions proposed by plaintiffs.  At the same time, counsel for defendants shall lodge and serve, pursuant to Local Rule 163, copies of any and all jury instructions not already proposed by plaintiffs, which defendants request be given.  Also at that time, counsel for defendants shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiffs' proposed form of verdict.

No later than four court days before the trial date, counsel for plaintiffs shall file and serve any objections to the instructions proposed by defendants and to any proposed form of

2

verdict.

Pursuant to Local Rule 163, any other instructions thereafter presented will be refused unless it is shown either: (1) that the necessity for the request arose in the course of trial; could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the action; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute plain error.

Likewise, any objections to proposed instructions not made in accordance with this order will be overruled as untimely unless it is shown either: (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the Court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

IV.  Voir Dire Questions

No later than fourteen calendar days before the trial date, counsel for each party shall submit all proposed jury voir dire questions.

V.  Trial Briefs

No later than fourteen calendar days before the trial date, counsel for each party shall file trial briefs pursuant to Local Rule 285.

VI.  Remaining Claims

The sole claims for trial are plaintiffs' claims under (1) the public accommodations provisions of the ADA, 42 U.S.C. § 12182; (2) the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; and (3) the California Disabled Persons Act, Cal. Civ. Code

§ 54 et seq.

VII.   Witnesses

    (A)   Plaintiffs anticipate calling the witnesses identified at Exhibit "A" attached hereto.

    (B)   Defendants anticipate calling the witnesses identified at Exhibit "B" attached hereto.

    (C)   Except for retained experts, each party may call any witness designated by any other party.

    (D)   No other witnesses will be permitted to testify at trial unless:

        (1)   all parties stipulate that the witness may testify;

        (2)   the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

        (3)   the witness was discovered after the Pretrial Conference.

    (E)   Testimony of a witness not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

        (1)   the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

        (2)   the court and opposing counsel were promptly notified upon discovery of the testimony; and

        (3)   counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable

summary of the testimony if time did not permit a deposition.

VIII. <u>Exhibits</u>

    (A)  Plaintiffs intend to offer the exhibits identified at Exhibit "C" attached hereto.

    (B)  Defendants intend to offer the exhibits identified at Exhibit "D" attached hereto.

    (C)  Each party may offer any exhibit designated by any other party.

    (D)  No other exhibits will be received in evidence unless:

        (1)  all parties stipulate that the exhibit may be received in evidence;

        (2)  the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

        (3)  the exhibit was discovered after the Pretrial Conference.

    (E)  An exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

        (1)  the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

        (2)  the court and opposing counsel were promptly notified upon discovery of the exhibit; and

        (3)  counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit

1  reasonably available for inspection by all opposing counsel if
2  copying was not physically possible.
3           (F)  Each party shall exchange copies of all exhibits
4  identified in this Order, or make them reasonably available for
5  inspection by all other parties, no later than seven calendar
6  days before the trial date.  Any and all objections to such
7  exhibits shall be filed and served not later than four calendar
8  days before the trial date.
9           (G)  The attorney for each party is directed to appear
10 before trial and present an original (and if physically possible
11 one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at
12 8:30 a.m. on the date of trial.
13          (H)  Each exhibit which has been designated in this
14 Order and presented on the morning of the date of trial shall be
15 pre-marked by counsel.  Plaintiffs' exhibits shall bear numbers;
16 defendants' exhibits shall bear letters.  If no objection has
17 been made to such exhibit pursuant to paragraph VIII(F), above,
18 such exhibit will require no further foundation and will be
19 received in evidence upon the motion of any party at trial.
20 IX.   Further Discovery and Motions
21          Except for motions in limine, no further motions shall
22 be brought before trial except upon order of the court and upon a
23 showing of manifest injustice.  Fed. R. Civ. P. 16(e).  No
24 further discovery will be permitted except by the express
25 stipulation of all parties or upon order of the court and upon a
26 showing of manifest injustice.  Id.
27 X.   Use of Depositions or Interrogatories
28          No later than twenty calendar days before the trial

date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal.  No later than ten calendar days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation.  No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

XI.  <u>Date and Length of Trial</u>

   The trial is set for November 25, 2014, in Courtroom No. 5.  The court estimates that the trial will last approximately two to three days.

XII.  <u>Daubert Procedure</u>

   Any challenges based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) will be raised and resolved outside the presence of the jury just prior to when the challenged expert will be called to give testimony.  Any challenged expert shall be present for such a challenge, and shall be available for questioning.

XIII.  <u>Evidence Presentation Equipment</u>

   The court has new technical equipment, but may not have all of the "state-of-the-art" audio visual equipment and may not have support personnel necessary for the effective presentation of evidence by electronic means.  Counsel are therefore

7

encouraged to present their documentary evidence by conventional means.  If any party feels that electronic presentation is necessary, they should contact the Courtroom Deputy prior to trial to determine what equipment the court has and how to use that equipment or bring their own audio visual equipment to the courtroom and be prepared to operate it themselves.

XIV.  Objections to Pretrial Order

        Any objections or suggested modifications to this Pretrial Order shall be filed and served within five court days from the file-stamped date of this Order.  All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed. If no objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

Dated:  September 30, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8

<u>Exhibit A: Plaintiffs' Witnesses</u>

Ernie Giannecchini, Defendant
4407 E. Waterloo Road
Stockton, CA 95215

William Hopson, Plaintiff

Cynthia Hopson, Plaintiff

## Exhibit B: Defendants' Witnesses

Ernie Giannecchini, Defendant
4407 E. Waterloo Road
Stockton, CA 95215

Robert Burns
230 N. Wigwam Drive
Stockton, CA

<u>Exhibit C: Plaintiffs' Exhibits</u>

Photos of the condition of the parking lot on the date in question.

Exhibit D: Defendants' Exhibits

Photos of parking lot near the time of claim

Repair work estimates and billing done by Burns Construction during the relevant period of time